| | |
|---|---|
| RAYMOND NIESSING, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TRIZETTO PROVIDER SOLUTIONS LLC and COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION,<br><br>    Defendants. | Civil Action No. 4:25-cv-01861-PLC |
| JOSEPH WHEELER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TRIZETTO PROVIDER SOLUTIONS LLC and ST. ANTHONY'S PHYSICIAN ORGANIZATION HOSPITALIST SERVICES L.C.,<br><br>    Defendants. | Civil Action No. 4:25-cv-01888-MAL |
| JOSEPH CORBRAY and STEPHANIE JONES, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>TRIZETTO PROVIDER SOLUTIONS and ONE COMMUNITY HEALTH,<br><br>    Defendants. | Civil Action No. 4:26-cv-00013-JMD |

| | |
|---|---|
| SHARYN ANNE LIMBOS VADLA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>TRIZETTO PROVIDER SOLUTIONS LLC and COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION,<br><br>        Defendants. | Civil Action No. 4:26-cv-00070-ZMB |
| SHIRLEY CLEVELAND and GRACE AYANDIBU individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>TRIZETTO PROVIDER SOLUTIONS LLC and COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION,<br><br>        Defendant. | Civil Action No. 4:26-cv-00264-CMS |
| SUSAN STONE and ERNEST EASTER, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>TRIZETTO PROVIDER SOLUTIONS LLC,<br><br>        Defendant. | Civil Action No. 4:26-cv-00308-PLC |

| | |
|---|---|
| JASON SPANGLER, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>TRIZETTO PROVIDER SOLUTIONS LLC, COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, and PHYSICIANS' CLINIC OF IOWA, P.C.,<br><br>          Defendants. | Civil Action No. 4:26-cv-00322-SEP |

**PLAINTIFFS' UNOPPOSED[1] MOTION AND
MEMORANDUM IN SUPPORT OF MOTION FOR CONSOLIDATION
AND APPOINTMENT OF INTERIM CLASS COUNSEL BY THE MAJORITY GROUP**

---

[1] All counsel for both Plaintiffs and Defendants support consolidation. Defendants take no position on the motion for appointment of Interim Lead Counsel. Counsel for Plaintiff in the sixth filed *Stone v. TriZetto* case opposes the Majority Group's Appointment of Interim Lead Counsel.

## I.  INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 4.03, Plaintiffs Raymond Niessing, Joseph Wheeler, Sharyn Anne Limbos Vadla, Joseph Corbray, Stephanie Jones, Shirley Cleveland, Grace Ayandibu, and Jason Spangler (collectively, "Plaintiffs") respectfully move for an order consolidating eight related proposed class actions (the "Related Cases") currently pending in the Eastern District of Missouri: *Niessing v. Trizetto Provider Solutions, LLC*, No. 4:25-cv-01861-PLC (the "*Niessing* Action"); *Wheeler v. Trizetto Provider Solutions, LLC*, No. 4:25-cv-1888-MAL (the "*Wheeler* Action"); *Corbray v. Trizetto Provider Solutions, LLC*, No. 4:26-cv-00013-JMD (the "*Corbray* Action"); *Limbos Vadla v. Trizetto Provider Solutions, LLC*, No. 4:26-cv-00070-ZMB (the "*Limbos Vadla* Action"); *Cleveland v. Trizetto Provider Solutions, LLC*, No. 4:26-cv-00264-CMS (the "*Cleveland* Action"); *Stone v. Trizetto Provider Solutions, LLC*, No. 4:26-cv-00308-PLC (the "*Stone* Action"); and *Spangler v. Trizetto Provider Solutions, LLC*, No. 4:26-cv-00322-SEP (the "*Spangler* Action").

All seven of the Related Cases arise from the same data breach (the "Data Breach") experienced by TriZetto Provider Solutions, LLC ("TriZetto" or "Defendant"). Critically, the Related Cases allege that the Data Breach was caused by Defendant's failure to use reasonable data security measures—which thereafter inflicted injuries on Plaintiffs and Class Members. Given the substantial similarities between the Related Cases, allowing the Related Cases to proceed as separate cases would unnecessarily burden judicial resources. Thus, consolidating the above-captioned cases at this early stage is in the best interest of the Parties, Class Members, and the Court. *See* Fed. R. Civ. P. 23(g), 42(a).

Moreover, Plaintiffs Raymond Niessing, Joseph Wheeler, Sharyn Anne Limbos Vadla, Joseph Corbray, Stephanie Jones, Shirley Cleveland, Grace Ayandibu, and Jason Spangler

1

(collectively, "Majority Group") request that the Court appoint Maureen M. Brady of McShane & Brady, LLC and William B. Federman of Federman & Sherwood (collectively, "Proposed Interim Co-Lead Counsel") as interim class counsel pursuant to Fed. R. Civ. P. 23(g) to guide this litigation for the putative Class Members. Ms. Brady and Mr. Federman are nationally recognized as leaders in data breach litigation and have litigated dozens of data breach and privacy class actions. Moreover, their firms have the resources necessary to prosecute and take a complex data breach class action like the one before this Court to trial. Thus, their appointment will best serve the Class. Ms. Brady is also a member of the bar of this District.

In addition, the Majority Group requests appointment of Raina Borrelli of Strauss Borrelli PLLC, Jeff Ostrow of Kopelowitz Ostrow P.A., Amber Schubert of Schubert Jonckheer & Kolbe LLP, Gerald D. Wells, III of Lynch Carpenter, LLP, Gary Klinger of Milberg PLLC, Kennedy M. Brian of Siri & Glimstad LLP, and Bryan L. Bliechner of Chestnut Cambronne PA to a Plaintiffs' Executive Committee to assist Interim Co-Lead Counsel (collectively, "Interim Class Counsel")[2].

Proposed Interim Class Lead Counsel have been intimately involved in investigating, prosecuting, and coordinating this litigation, including the preparation and filing of this Motion. Appointment of Interim Class Counsel at this early juncture will facilitate coordinated prosecution of the Related Cases and the possibility of early potential resolution, thereby conserving judicial resources. As described herein, the Majority Group's proposed leadership structure will permit them to prosecute these Related Cases efficiently and in the best interests of the putative Class.

## II.    BACKGROUND AND PROCEDURAL HISTORY

---

[2] The firm websites of the Proposed Plaintiffs' Executive Committee members have been hyperlinked for the Court's review.

On or around November 2024, an unauthorized actor unlawfully accessed the data systems of TriZetto during the Data Breach. ECF No. 1, ¶ 7.[3] Plaintiffs allege that the Data Breach exposed the personally identifiable information ("PII") and protected health information ("PHI") (collectively, "Private Information") of Plaintiffs and Class Members. *Id.* ¶ 9. In total, the Data Breach exposed the Private Information of over 3.4 million individuals (*i.e.*, the Class).[4]

On December 19, 2025, Plaintiff Niessing filed his class action complaint and alleged claims for negligence, negligence *per se*, breach of implied contract, unjust enrichment, breach of fiduciary duty, breach of third-party beneficiary contract, and violation of Missouri Merchandising Practices Act. ECF No. 1. Additional plaintiffs subsequently filed separate but related cases before this Court, bringing similar causes of action arising from the Data Breach. As set forth below, consolidation and appointment of lead counsel is appropriate to streamline litigation and conserve judicial resources.

## III.     THE COURT SHOULD CONSOLIDATE THE ACTIONS

Rule 42(a) allows for case consolidation "[w]hen actions involving a common question of law or fact are pending before the court" and "to avoid unnecessary costs or delay." *See McGinley v. Luv n' care, Ltd.*, 2017 WL 11446205, at *1 (W.D. Mo. May 30, 2017); *Keil v. Bearden*, 2021 WL 7708479, at *1 (W.D. Mo. Nov. 17, 2021) ("Consolidation is usually favored when two cases involve 'common parties, overlapping legal issues, and related factual scenarios.'") (citations omitted).

Local Rule 4.03 provides: "A party desiring the consolidation of related cases shall file a motion in the case bearing the lowest cause number. The movant shall file in each related case a notice of the motion, to which a copy of the motion shall be attached. The district or magistrate

---

[3]All citations to ECF Documents refer to the complaint in the *Niessing* Action, ECF No. 1, unless otherwise indicated.
[4] Steve Adler, *Trizetto Data Breach: PHI of 3.4 Million Individuals Exposed* (Mar 2, 2026) https://www.hipaajournal.com/trizetto-provider-solutions-data-breach/.

judge presiding in the lowest-numbered case shall rule on the motion. If the motion is granted, the consolidated cases shall be reassigned to the judge presiding in the lowest-numbered case. Following consolidation, all documents shall be filed only in the lowest-numbered case, unless otherwise ordered by the Court."

**1. The Related Cases Share Common Questions of Law or Fact.**

Consolidation of the Related Cases is proper because they indisputably share "common questions of law or fact" and consolidation will serve judicial convenience and reduce cost and delay. All Related Cases arise from the same data breach and are all pled as class actions and involve substantially identical complaints.

The Related Cases involve multiple common questions of law, including: (a) whether Defendant breached its duty of care to Plaintiffs and Class Members when it failed to implement reasonable data security measures; (b) whether Defendant's failures allowed cybercriminals to gain unauthorized access to its data systems and steal PI of Plaintiffs and Class Members; (c) whether Plaintiffs were harmed by Defendant's Data Breach. These common questions of fact and law predominate and favor consolidation. Courts consistently find that data breach class actions are particularly appropriate for consolidation. *See, e.g.*, *Johnson et al. v. Cornerstone National Insurance Company,* No. 22-cv-04135 (W.D. Mo. Mar 6, 2023), ECF No. 29 (ordering consolidation of two actions arising from a data breach); *Guy v. Convergent Outsourcing, Inc.*, No. 2:22-cv-01558 (W.D. Wash. Dec. 13, 2022), ECF No. 16 (ordering consolidation of four actions arising from a data breach); *Kostka v. Dickey's Barbecue Rests., Inc.*, No. 3:20-cv-3424 (N.D. Tex. Mar. 19, 2021), ECF No. 37 (ordering consolidation of three actions stemming from the same data breach).

**2. Consolidation Promotes Judicial Economy and Avoids Unnecessary Cost and Delay.**

The Court should consolidate the Related Cases because they involve common questions of law and fact and installing Plaintiffs' proposed class leadership structure will facilitate the efficient prosecution of this litigation. Consolidation will streamline and simplify discovery, pretrial motions (including class certification), and administrative management, as well as generally prevent waste, confusion, or delay that inevitably arises from separate prosecution of related actions. *See Bank of Montreal v. Eagle Associates*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987) ("One of the primary objectives of consolidation is to prevent separate actions from producing conflicting results."); *see also Cornell v. Soundgarden,* No. C20-1218, 2021 WL 1663924, at *4 (W.D. Wash. Apr. 26, 2021) (considering judicial efficiency of resolving similar factual and legal issues in a consolidated action); *Ocean Ships, Inc. v. Stiles*, No. 00 Civ. 5469, 2003 WL 22741457, at *3 (S.D.N. Y. 2003) ("Consolidating the two cases would also promote judicial efficiency by reducing discovery costs."). Consolidation will also promote efficiency in the earlier stages of litigation and in discovery, and promote efficiency in pre-trial motion practice. Consolidating the Related Cases will avoid duplication of effort and the risk of inconsistent decisions and unfairness that may result in eight different judges reviewing the same facts to make determinations about the likelihood of success of the claims against Defendant.

All Plaintiffs agree that consolidation will promote efficiency for the parties, who would otherwise needlessly incur legal fees and costs. Each of the lawsuits were recently filed (placing these lawsuits in nearly identical positions in the life cycle of a case). Moreover, Defendant has not responded to the complaints in any of the individual lawsuits. Therefore, there is no possibility of prejudice to Defendant that would outweigh the improved efficiency of consolidation. *See Bank of Montreal*, 117 F.R.D at 534 (granting consolidation where any prejudices of consolidation were

"merely speculative and not grounded in fact" and did not outweigh the interests of judicial economy).

### 3. Future Filed Related Cases Should be Consolidated.

To ensure continued judicial efficiency, Plaintiffs in each of the Related Cases jointly request that the Court order that any future actions filed or transferred to this Court that are based on the same or similar facts be consolidated into the proposed master action: *In re: TriZetto Provider Solutions Data Security Litigation*, Case No. 4:25-cv-1861.

## IV. THE COURT SHOULD APPLOINT INTERIM CLASS COUNSEL

### 1. Legal Standard

Rule 23(g)(3) permits the appointment of interim lead counsel "to act on behalf of putative class members before determining whether to certify the action as a class action." Early appointment of interim class counsel is warranted when there are competing "copycat" filings *or* the risk of such filings. Multiple identical or similar actions prevent efficient prosecution of claims, disjointed legal strategy, and prejudice to both defendants, plaintiffs, and putative class members. *See Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 867 (E.D. Mich. 2019) ("Designation of interim counsel is particularly appropriate when a number of lawyers have filed related 'copycat' actions."); *Ekin v. Amazon Servs., LLC*, No. C14-0244-JCC, 2014 WL 12028588, at *3 (W.D. Wash. May 23, 2014) ("designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.") (quoting MANUAL OF COMPLEX LITIGATION § 21.11 (4th ed. 2004)).

The Advisory Committee Notes to Rule 23(g)(2)(A) explain that the rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." Designating class counsel now ensures the protection of the

interests of the Class in making and responding to motions, conducting discovery, and negotiating possible settlements. *See Leeb v. Charter Comm'ns, Inc.*, No. 4:17CV2780 RLW, 2019 WL 1372587, at \*1 (E.D. Mo. Apr. 3, 2019); *Syzmczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493(VB), 12 CV 2149(VB), 2012 WL 1877306, at \*1 (S.D.N.Y. May 15, 2012) (citing MANUAL OF COMPLEX LITIGATION § 21.11 (4th ed. 2004)).

Determining the appointment of interim class counsel requires the court to consider counsel's: (1) work identifying and investigating potential claims; (2) experience in handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources. *Roe v. Arch Coal, Inc.*, No. 4:15-cv-910 (CEJ), 2015 WL 6702288, at \*2 (E.D. Mo. Nov. 2, 2015) (citing Fed. R. Civ. P. 23(g)(1)(A)). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* (citing Fed. R. Civ. P. 23(g)(1)(B)).

**2. The Court Should Appoint Brady and Federman as Interim Co-Lead Counsel Under Rule 23(g).**

As the Majority Group demonstrates below, Proposed Interim Co-Lead Counsel satisfy all requirements for appointment by the Court.

*i. Proposed Interim Co-Lead Counsel Performed Substantial Work Investigating and Litigating the Claims.*

Proposed Interim Co-Lead Counsel have been diligently investigating and advancing this litigation. Counsels' investigations prior to filing the Related Cases included analyzing the circumstances surrounding the Data Breach, interviewing individuals injured by the Data Breach, researching potential legal claims, drafting initial pleadings and statutory notices, and organizing Plaintiffs and counsel to consolidate the actions and move the litigation forward. Proposed Interim Co-Lead Counsel worked to quickly organize and avoid any delay that could be caused by a

leadership dispute to address the merits of the case as expeditiously as possible. Proposed Interim Co-Lead Counsel's efforts at self-organization were mainly successful, as evidenced by this Motion.

If appointed, Proposed Interim Co-Lead Counsel will establish a standardized protocol for managing and reporting time and expenses. Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Interim Co-Lead Counsel under Fed. R. Civ. P. 23(g)(3).

### ii. *Proposed Interim Co-Lead Counsel Have Significant Relevant Experience.*

Proposed Interim Co-Lead Counsel are well-qualified to lead this case. Each member has a track record of successfully litigating and resolving consumer class actions, particularly data breach class actions. Proposed Interim Co-Lead Counsel have extensive experience handling class actions—including class actions involving data breaches—complex litigation, and consumer claims. The qualifications and experience of Proposed Interim Co-Lead counsel are set forth below.

### *Maureen M. Brady of McShane & Brady, LLC*

Maureen Brady has represented victims of data breaches for over a decade. Intimately familiar with the marriage of the Federal and State privacy laws and the state common law causes of action, Maureen has served as lead counsel and successfully litigated class data breaches for hundreds of millions of victims. Licensed in both Missouri and Kansas, Maureen was appointed as co-lead counsel in the *In Re Mednax Services, inc., Customer Data Security Breach Litigation*, case no. 21-MD-02994-RAR, in the Southern District of Florida, and *In Re BetterHelp Data Disclosure Cases*, case no. 3:23-cv-01033-RS, in the Northern District of California, appointed as Liaison Counsel in the *In Re: T-Mobile Customer Data Security Breach Litigation (2023)*, case

no. 4:23-md-03073-BW, in the Western District of Missouri and appointed to the Executive Committee in *In Re: T-Mobile Customer Data Security Breach Litigation (2021)*, case no. 4:21-md-03019-BCW, in the Western District of Missouri; and, *Cabezas et al. v. Mr. Cooper Group, Inc.*, case no. 3:23-cv-2453-N, in the Northern District of Texas. Maureen has led the litigation team on precedential cases including: *M.S. and D.H. v. MedData, Inc.*, Case no 4:22-cv-00187, in the Southern District of Texas; *T.P.H. v. Blue Springs Family Care*, in the Circuit Court of Jackson County, Missouri, Case No. 1916-CV07105 and *K.A. v. Children's Mercy Hospital*, in the Western District of Missouri, Case No. 18-00675-CV-W-OS. In addition to class cases, Maureen and her team have represented hundreds of individuals who were victims of wrongful disclosure of PHI and PII. Maureen has successfully litigated her cases to recover millions of dollars in compensation for her clients.

Maureen has unique knowledge and experience in data breaches involving PHI and PII. She is a nationally recognized leader in HIPAA law and medical disclosures. She was awarded the Missouri Bar Innovation Award for her development of the use of HIPAA in medical disclosure cases. Maureen has lectured at The Sedona Conference, a leading organization for the research and development of legal thought and recommendations, on healthcare privacy issues.

Maureen Brady is not only one of the preeminent attorneys in the nation to litigate wrongful disclosures of medical information, she also distinguished herself as a leader within the legal field. She serves on numerous Boards and holds leadership positions including the Missouri Association of Trial attorneys and the Association for Women Lawyers of Greater Kansas City. Maureen has written numerous articles about this area of the law and given scores of lectures to legal and civic groups throughout Missouri and Kansas.[5]

---

[5] A copy of the McShane & Brady LLC's firm resume is attached hereto as ***Exhibit 1***.

***William B. Federman of Federman & Sherwood***

Mr. Federman, the founder and managing member of Federman & Sherwood, has more than forty-three (43) years of diverse, hands-on, trial and appellate experience in the areas of complex data breach litigation, class action litigation, financial fraud litigation, commercial litigation, and consumer litigation. Mr. Federman has represented clients in multidistrict litigation proceedings, federal courts, state courts, and arbitration forums across the United States recovering hundreds of millions of dollars for clients over his career. Mr. Federman has litigated hundreds of class action lawsuits demonstrating he has the skill, knowledge, and experience to best serve the interests of Plaintiffs and the putative class.

Mr. Federman and Federman & Sherwood are trailblazers in the data privacy litigation sector, having prosecuted data breach cases for more than ten (10) years, playing a pivotal role in developing key decisions that are regularly relied upon by courts and counsel across the nation. *See, e.g.*, *In re Brinker Data Incident Litig.*, No. 3:18-CV-686-TJC-MCR, 2021 WL 1405508 (M.D. Fla. Apr. 14, 2021), vacated in part sub nom. *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883 (11th Cir. 2023) (one of the first cases where class certification was achieved in the data breach context); *Nelson v. Arkansas Heart Hospital, LLC*, Case No. 60CV-25-3821 (Pulaski County, Ark) (achieved class certification in a data breach class action over defendant's objection); *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183 (S.D. Fla. 2022); *Bowen v. Paxton Media Grp., LLC,* No. 5:21-CV-00143-GNS, 2022 WL 4110319 (W.D. Ky. Sept. 8, 2022); *Mackey v. Belden, Inc.*, No. 4:21-CV-00149-JAR, 2021 WL 3363174, at \*1 (E.D. Mo. Aug. 3, 2021). As pioneers in this field, Federman & Sherwood are well-versed in the applicable law, which makes them well-suited for efficiently preparing briefs and developing discovery.

Federman & Sherwood has a proven track record of successful and persuasive briefing, thwarting numerous motions to dismiss in the data privacy context. *See, e.g.*, *Carr v. Oklahoma Student Loan Auth.et al.*, No. CIV-23-99-R, 2023 WL 6929850 and 2023 WL 6929853 (W.D. Okla. Oct. 19, 2023) (motion to dismiss granted in part and denied in part); *Lochridge v. Quality Temp. Servs., Inc.*, No. 22-CV-12086, 2023 WL 4303577 (E.D. Mich. June 30, 2023) (motion to dismiss granted in part and denied in part); *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183 (S.D. Fla. 2022) (motion to dismiss denied in part and granted in part); *Fischer v. CentralSquare Techs., LLC*, No. 21-CV-60856-RAR, 2021 WL 10558134 (S.D. Fla. Sept. 16, 2021) (surviving motion to dismiss in part); *In re Solara Med. Supplies, LLC Customer Data Sec. Breach Litig.*, 613 F. Supp. 3d 1284, 1296 (S.D. Cal. 2020) (defendant's motion to dismiss denied in part). These examples make it apparent that Federman & Sherwood is an asset to the successful prosecution of this proceeding.

Due to Federman & Sherwood's early involvement and success in this area of law, Federman & Sherwood has served as lead counsel or co-lead counsel in countless data breach lawsuits spanning across the nation, including: *In re medQ, Inc. Data Breach Litig.*, No. 4:24-cv-00176, ECF No. 10 (E.D. Tex.) (interim co-lead class counsel); *In re Brinker Data Incident Litig.*, No. 3:18-CV-686-TJC-MCR, 2021 WL 1405508, at *1 (M.D. Fla. Apr. 14, 2021), vacated in part sub nom. *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883 (11th Cir. 2023) (co-lead class counsel); *Perez v. Carvin Wilson Software LLC*, No. CV-23-00792-PHX-SMM (D. Ariz.) (interim co-lead class counsel); *Mackey v. Belden, Inc.*, No. 4:21-cv-00149-JAR (E.D. Mo.) (co-lead settlement class counsel); *In re: Solara Medical Supplies Data Breach Litigation*, No. 3:19-cv-00284-H-KSC (S.D. Cal.) (interim co-lead class counsel); *White v. Med. Rev. Inst. of Am., LLC*, No. 2:22-CV-00082-DAK-DAO (D. Utah July 22, 2022) (co-lead class counsel); *In re Snap Finance Data*

*Breach Litig.*, No. 2:22-cv-00761-TS-JCB (D. Utah) (interim co-lead counsel); and *In re: Physician's Business Office Data Incident Litigation*, Case No. CC-54-2022-C-252 (Wood Cnty. Cir. Ct. of West Virginia) (interim co-lead class counsel).[6]

Federman & Sherwood possess the requisite skill, knowledge, and experience, and financial resources to support this litigation. Due to its success as a prominent class action law firm, Federman & Sherwood has assisted in numerous cases, funding litigation expenses of more than $1 million. Federman & Sherwood has the financial resources and staff to assist in resolving this case and does not use or rely on third-party funding sources. Given Federman & Sherwood's vast experience and proven track record in successfully prosecuting class action data breach cases, William B. Federman of Federman & Sherwood would serve an excellent Interim Lead Class Counsel.

### iii. *Proposed Interim Co-Lead Counsel have Committed, and will Continue to Commit, the Resources Necessary to Represent the Class.*

A court appointing interim lead counsel should consider, in part, the resources that counsel will commit to representing the putative classes. Fed. R. Civ. P. 23(g)(1)(C). Proposed Interim Co-Lead Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. Each firm understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class Members. Proposed Interim Co-Lead Counsel have demonstrated their commitment to this litigation by devoting substantial resources to prosecuting this action. Proposed Interim Co-Lead Counsel have already engaged in discussions with experts and have expended significant resources in investigating the data breach, communicating with affected individuals, researching, and drafting complaints. To ensure that adequate funds are

---

[6] A copy of Federman & Sherwood's firm resume is attached hereto as ***Exhibit 2***.

available to prosecute this litigation on behalf of the putative Class, Proposed Interim Co-Lead Counsel will establish a system to pay assessments proportional to the needs of the case. As their firm resumes and counsels' experience indicate, Proposed Interim Co-Lead Counsel have the resources and willingness to see this litigation through to its conclusion, including trial.

### iv. *Additional Factors Support Designating Proposed Interim Co-Lead Counsel.*

Notably, the proposed leadership structure has the support of the Majority Group, including the proposed Plaintiffs' Executive Committee. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at \*\*5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel. Absent persuasive evidence to the contrary, the court assumes that nominations and votes for lead counsel are made in good faith for reasons that benefit the client."); *see also In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394 at \*2 (S.D. Ohio Dec. 17, 2018) (quoting *Kubiak v. Barbas*, No. 3:11-cv-141, 2011 WL 2443715, at \*2 (S.D. Ohio June 14, 2011) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel.")); MANUAL FOR COMPLEX LITIG. §§ 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"), 10.272 (describing "private ordering" approach). Proposed Interim Co-Lead Counsel's success in self-organizing and securing each other's support demonstrates their suitability for leadership roles.

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the court, all of which are critical to successful management of the litigation. *See* MANUAL FOR COMPLEX LITIG. § 10.21. One of the demanding aspects of complex litigation is

"the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*.

Unlike defense counsel, the plaintiffs' side of consolidated litigation must quickly and effectively merge to form an alliance against often well-financed opponents. Here, the Majority Group, including the Proposed Executive Committee members, have coordinated organizational efforts. Because the consolidation process has the potential to breed disorganization, in-fighting, and inefficiencies, it is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018), *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf ("Duke Guidelines"), at 43. Selecting lawyers who previously worked together, as is the case here with Proposed Class Counsel, has many benefits. They have developed working relationships, know of complimentary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id*. Proposed Interim Class Counsel have strong working relationships from other cases that will benefit the Class and, recognizing this, moved quickly and effectively to organize the Related Cases to put forward the proposed leadership structure.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs and the Majority Group respectfully request that the Court enter an Order:

1) Consolidate the Related Cases under the master case caption *In re TriZetto Provider Solutions Data Security Litigation*, Case No. 4:25-cv-01861;

2) Strike all pending deadlines in each of the Related Cases;

3) Consolidate any future-filed, transferred, or removed case that arises out of the same subject matter as the Related Cases;

4) Appoint Maureen M. Brady of McShane & Brady, LLC and William B. Federman of Federman & Sherwood as Interim Co-Lead Class Counsel pursuant to Rule 23(g)(3);

5) Appointing Raina Borrelli of Strauss Borrelli PLLC, Jeff Ostrow of Kopelowitz Ostrow P.A., Amber Schubert of Schubert Jonckheer & Kolbe LLP, Gerald D. Wells, III of Lynch Carpenter, LLP, Gary Klinger of Milberg PLLC, Kennedy M. Brian of Siri & Glimstad LLP, and Bryan L. Bliechner of Chestnut Cambronne PA to a Plaintiffs' Executive Committee;

6) Set a deadline of 30 days following the entry of an order appointing Interim Co-Lead Class Counsel for the filing of a Consolidated Class Action Complaint; and

7) Setting deadlines for Defendants to respond to the Consolidated Class Action Complaint of 30 days after it is filed, and if the response(s) are motion(s) to dismiss, for Plaintiffs to respond to the motion(s) to dismiss as 30 days thereafter and Defendant to file a reply in support of its motion 20 days thereafter.

DATED: March 11, 2026.

Respectfully submitted,

*/s/ Maureen M. Brady*
Maureen M. Brady (MO #57800)
**McSHANE & BRADY, LLC**
4006 Central Street
Kansas City, MO 64111
T: (816) 888-8010
E: (816) 332-6295
mbrady@mcshanebradylaw.com

*Attorney for Plaintiffs Cleveland, Ayandibu, and Spangler*

William B. Federman*
Jessica A. Wilkes*
**Federman & Sherwood**
10205 N. Pennsylvania Ave
Oklahoma City, OK 73120
Tel: 405-235-1560
wbf@federmanlaw.com
jaw@federmanlaw.com

*Attorneys for Plaintiff Niessing*

Raina C. Borrelli*
Samuel J. Strauss*
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com
sam@straussborrelli.com

*Attorneys for Plaintiffs Wheeler, Corbray, Jones,*

**LYNCH CARPENTER, LLP**
Gerald D. Wells, III*
Robert J. Gray*
1760 Market Street, Suite 600
Philadelphia, PA 19103
T: 267-609-6910
F: 267-609-6955
jerry@lcllp.com

16

rob@lcllp.com

*Attorneys for Plaintiff Limbo Vadla*

Amber L. Schubert\*
**SCHUBERT JONCKHEER & KOLBE LLP**
2001 Union St, Ste 200
San Francisco, CA 94123
Tel: 415-788-4220
Fax: 415-788-0161
aschubert@sjk.law

*Attorney for Plaintiffs Cleveland and Ayandibu*

Tyler J. Bean\*
Kennedy M. Brian\*
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
E: tbean@sirillp.com
E:kbrian@sirillp.com

Bryan L. Bleichner\*
Philip J. Krzeski\*
**CHESTNUT CAMBRONNE PA**
100 Washington Ave S, Suite 1700
Minneapolis, Minnesota 55401
Tel: (612) 339-7300
E: bbleichner@chestnutcambronne.com
E: pkrzeski@chestnutcambronne.com

*Attorneys for Plaintiff Spangler*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 11, 2026, a copy of the foregoing was filed electronically.

Service of this filing will be made on all ECF-registered counsel by operation of the Court's

CM/ECF system, which will automatically notify all counsel of record.

*/s/ Maureen M. Brady*
Maureen M. Brady