UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND NIESSING, individually and on behalf of all other similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 4:25-cv-01861 PLC |
| v. | ) ) | |
| TRIZETTO PROVIDER SOLUTIONS, LLC, | ) ) ) | |
| and | ) ) | |
| COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's "Unopposed Motion and Memorandum In Support of Motion for Consolidation and Appointment of Interim Class Counsel By The Majority Group" [ECF No. 17]. Plaintiff seeks to consolidate the following cases with this case:

*Wheeler v. Trizetto Provider Solutions, LLC, et al*, No. 4:25-cv-1888 MAL;

*Corbray et. al v. Trizetto Provider Solutions, LLC, et al*, No. 4:26-cv-0013 JMD;

*Limbos Vadla v. Trizetto Provider Solutions, LLC, et al*, No. 4:26-cv-0070 ZMB;

*Cleveland et al v. Trizetto Provider Solutions, LLC, et al*, No. 4:26-cv-0264 CMS;

*Stone et al v. Trizetto Provider Solutions, LLC, et al*, No. 4:26-cv-00308 JMD (*Stone*); and

*Spangler v. Trizetto Provider Solutions, LLC, et al*, No. 4:26-cv-00322 SEP.

Plaintiff's motion to consolidate was joined by the plaintiffs in the above named cases, with the exception of the plaintiffs in *Stone*, and asserts that "[a]ll counsel for both Plaintiffs and

1

Defendants support consolidation." [ECF No. 17] Plaintiff also moves for appointment of interim class counsel. [*Id.*] Plaintiff states that Defendants take no position on the motion for appointment of interim class counsel but that plaintiff in *Stone* opposes the appointment. [*Id.*]

The plaintiffs in *Stone* filed a response in partial opposition to Plaintiff's motion, stating they do not oppose consolidation of the related cases but oppose Plaintiff's motion for appointment of interim class counsel. [ECF No. 24] Specifically, the *Stone* plaintiffs state that a petition for transfer and centralization is pending before the Judicial Panel for Multidistrict Litigation and assert that appointment of class counsel should be deferred until resolution of the petition. [ECF No. 24]

I.    Unopposed Request for Consolidation

Federal Rule of Civil Procedure 42(a) allows a court to consolidate multiple lawsuits when the cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The Court has "substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). A district court does not abuse its discretion when consolidating actions that involve "common parties, overlapping legal issues, and related factual scenarios" and the consolidation does not "cause unfair prejudice." *Horizon Asset Mgmt., Inc. v. H & R Block, Inc.*, 580 F.3d 755, 769 (8th Cir. 2009).

Pursuant to Eastern District of Missouri Local Rule 4.03, a party desiring to consolidate related cases must file: (1) a motion to consolidate "in the case bearing the lowest cause number" and (2) notice of the motion, with a copy of the motion, in each related case. If the court grants consolidation, the consolidated cases are reassigned to the judge presiding in the lowest-numbered case. *Id.*

The above cases arise out of very similar facts, grow out of the same alleged data breach, have proposed class definitions that will encompass the same persons, involve at least one common defendant, and present common questions of law and fact. Finding that the cases present sufficiently

2

common questions of law and fact, and that the motion is unopposed, the Court grants Plaintiff's unopposed request to consolidate the related cases.

The parties in the related cases being consolidated must submit their completed consent forms consenting to the authority of the undersigned to preside over their cases as a United States Magistrate Judge under 28 U.S.C. § 636 in the consolidated case on or before April 8, 2026.

II.      Appointment of Interim Class Counsel

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "While not statutorily required, the appointment of interim class counsel may be helpful in 'clarify[ing] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.'" *Leeb v. Charter Communications, Inc.*, No.4:17CV2780 RLW, 2019 WL 1472587, at *1 (E.D. Mo. Apr. 3, 2019) (quoting Federal Judicial Center, *Manual for Complex Litigation* § 211.11 (4th ed. 2004)).

The Court finds that appointment of interim class counsel may be appropriate in the future but is not necessary at this time. Accordingly, the Court denies without prejudice Plaintiff's motion for appointment of interim class counsel.

After careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's Unopposed Motion and Memorandum In Support of Motion for Consolidation and Appointment of Interim Class Counsel By The Majority Group [ECF No. 17] is **GRANTED in part and DENIED in part**. Plaintiff's unopposed request to consolidate the related cases is **GRANTED** and Plaintiff's request for appointment of interim class counsel is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk shall assign *Wheeler v. Trizetto Provider Solutions, LLC, et al*, No. 4:25-cv-1888 MAL; *Corbray et. al v. Trizetto Provider Solutions, LLC, et al*, No. 4:26-cv-0013 JMD; *Limbos Vadla v. Trizetto Provider Solutions, LLC, et al*, No. 4:26-cv-0070 ZMB; *Cleveland et al v. Trizetto Provider Solutions, LLC, et al*, No. 4:26-cv-0264 CMS; *Stone et al v. Trizetto Provider Solutions, LLC, et al*, No. 4:26-cv-00308 JMD (*Stone*); and *Spangler v. Trizetto Provider Solutions, LLC, et al*, No. 4:26-cv-00322 SEP, to the undersigned and **CONSOLIDATE** them with this case for all remaining proceedings.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall docket and file a copy of this Order in the above-noted related cases, as well as the instant case; that the above-noted related cases shall be administratively closed; and that all future documents shall be filed in this consolidated action, case number 4:25-cv-1861 PLC, and shall bear the following caption*: In re TriZetto Provider Solutions Data Breach Security Litigation*.

**IT IS FURTHER ORDERED** that, no later than **April 8, 2026**, all parties who have not previously done so, shall submit to the Clerk's Office their completed consent forms regarding the authority of the undersigned magistrate judge to preside over the consolidated action.

**IT IS FINALLY ORDERED** that Plaintiff's request for appointment of interim class counsel [ECF No. 17] is **DENIED without prejudice**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of March, 2026